UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:21-CR-014 (S) |
| § | |
| KODY NICHOLAS BOHAC, § | |
| Defendant § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, United States Attorney for the Southern District of Texas, and Richard W. Bennett, Assistant United States Attorney, and the defendant, Kody Nicholas Bohac ("Defendant"), and Defendant's counsel, Philip Gallagher, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 1, 3, 4, 5, 6, and 7 of the superseding indictment. Count 1 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Counts 3, 4, 5, 6, and 7 charges Defendant with **Cyberstalking**, in violation of Title 18, United States Code, Section 2261A(2)(B). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1), is imprisonment for not less than 5 years and not more than 20 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for a

violation of Title 18, United States Code, Section 2261A(2)(B) is imprisonment for up to 5 years and a fine of not more than $250,000.00. With a conviction for Count 1, there is mandatory restitution under Title 18, United States Code, Section 2259 which is not less than $3,000.00 per victim. Additionally, under Count 1, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, Section 3583(k). Under Counts 3, 4, 5, 6, and 7, Defendant may receive a term of supervised release after imprisonment of not more than 3 years. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). With respect to Count 1, Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). With respect to Counts 3, 4, 5, 6, and 7, Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(4) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by

cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

    4. With respect to Count 1, pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

    5. Pursuant to Title 18, United States Code, Section 2259A, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall assess no more than

    (1)    $17,000.00 if the Defendant is convicted of 18 U.S.C. §2252(a)(4) or §2252A(a)(5);

    (2)    $35,000.00 if the Defendant is convicted of any other trafficking in child pornography offenses as defined by §2259(c)(3), which includes offenses under 18 U.S.C. §§2251 (d), 2252(a)(1) through (3), 2252A(a)(1) through (4), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of sections 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b);

    (3)    $50,000.00 if the Defendant is convicted of child pornography production as defined by 18 U.S.C. §2259(c)(1), which includes offenses under 18 U.S.C. §2251(a) through (c), 2251A, 2252A(g) (in chase in which the

3

series of felony violations involves at least 1 of the violations listed in this

subsection), 2260(a) or any offense under chapter 109A or chapter 117

that involved the production of child pornography.

The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

6. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event

4

Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 1, 3, 4, 5, 6, and 7 of the superseding indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the superseding indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move

5

under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the superseding indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

6

## Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn,

7

Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 1, 3, 4, 5, 6, and 7 of the superseding indictment. If this case were to proceed to trial, the United States could prove each element of the offenses of receipt of child pornography and cyberstalking beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

The FBI was contacted in October 2019 by the FBI in Philadelphia in regard to a complaint their office had received regarding a female Pennsylvania college student (Victim #1) being harassed by an Instagram user (username: anthony_thomas971) and a Facebook account using the name "Kody Bohac." Instagram user anthony_thomas971 sent the female a direct message on Instagram on or about April 8, 2019 that contained nude photos of the female with the message "Hey babe. Respond to me or these go public *kissing emoji*", "And I have tons more." Later, on the same day, the female received a Facebook message on Facebook's Messenger application from Facebook user "Kody Bohac". User "Kody Bohac" sent two images of the female's nude upper body with the message "Wow, is this really you?" and "If you want to talk to me on snapchat I'll tell you who posted them." The female didn't respond to the messages and didn't produce any additional explicit material.

After being contacted by the "Kody Bohac" Facebook account and anthony_thomas971 Instagram account, the victim, along with several of the victim's acquaintances, friends, and family were contacted by multiple unknown individual(s) using an anonymizing application to shield their identity. The unknown person(s) told the female's family and friends that her nude images were on various Internet websites. Investigation later determined that nude images of the female had been posted on several Internet websites. Investigation further revealed that the Defendant's phone contained numerous visits to some of the websites where the victim's images were leaked.

8

On April 9, 2019, the victim's best friend was sent a follow request from the "anthony_thomas971" Instagram account. The friend didn't respond to the request.

The victim was next contacted via text message on June 12, 2019 by an unknown person using an identity anonymizing application. The unknown person sent a video to the victim depicting the recording of a laptop screen on which the victim's resume and videos depicting the victim having sex were displayed. A video depicting similar content was later located on a USB device seized during a search of the Defendant's residence in July 2020 pursuant to a court authorized search warrant.

A subpoena was served on Facebook for the basic subscriber information for the "anthony_thomas971" Instagram account. Subpoena returns from Facebook for Instagram user "anthony_thomas971" revealed a registered email address on the account of "KODY.BOHAC1@gmail.com". Also provided in the return were Internet protocol (IP) addresses utilized to both register and log-in to the "anthony_thomas971" Instagram account. The IP address used to create the account was also the same IP address that was used numerous times to log-in to the account from January 2019 – April 2019. The Internet Service Provider (ISP) responsible for this IP address was identified and a subpoena for records was served on the ISP for information on the subscriber of the IP address. The ISP provided records that identified the allocated user for the IP address as the Defendant's residence.

A subpoena requesting basic subscriber information for email account "KODY.BOHAC1@gmail.com" was served on Google in November 2019. Google's response in November 2019 provided the basic subscriber information for account: KODYBOHAC1@gmail.com. The account holder's registered name was listed as "KODY BOHAC" and a telephone number was also listed. Through law enforcement database checks it was determined telephone number was associated with the Defendant in Huntsville, Texas.

In October 2019, the FBI contacted Sam Houston State University Police Department (SHSU PD), as the Defendant was the subject of another investigation being conducted by their agency. He was arrested on state charges on July 14, 2020, at his residence in Huntsville, Texas. Simultaneously, a state search warrant was executed on his residence and several items were seized, to include digital media. Officers provided a copy of the forensic extractions of relevant digital media to the FBI for review. During the search warrant execution Defendant discarded a cell phone into a toilet inside the apartment. Law enforcement retrieved the phone and were later able to perform a forensic extraction of the phone's contents.

In July 2020, law enforcement conducted a review of the seized USB drive. The USB contained the extraction report from the seized media. Located on the device was a folder labeled with Victim #1's name with approximately 211 images and 13 videos depicting what appears to be Victim #1 and her former boyfriend. Many of the images depict Victim #1 nude. Video files depict what appear to be Victim #1 and former boyfriend having sex. Two images depicting the female topless resemble the images sent by the "Kody Bohac" Facebook account to the victim in April 2019.

9

On November 30, 2020 Sam Houston State University Police completed the forensic extraction for the cell phone and laptop that were seized during the state search warrant execution on July 14, 2020. During a review of the extraction report for the cell phone in December 2020, agents found child pornography, including, but not limited to the following:

    a. A video which depicts a minor female removing an adult male's pants and performing oral sex on the adult male's penis. The file path for this video has a creation date of 1/4/2020.

    b. A video which depicts an under 12 prepubescent female performing oral sex on a prepubescent male's penis. An unseen third party applies what appears to be a lubricant to the prepubescent female's anus and the prepubescent male appears to stimulate the female child's anus area. The file path for this video has a creation date of 1/6/2020.

The two videos located on the extraction report for the Defendant's cell phone indicate the videos were received via the installed Kik application on the above-mentioned dates. Kik is an instant messaging application for mobile devices. Kik uses a smartphone's data plan or Wi-Fi to transmit and receive messages. Kik also allows users to share photos, sketches, mobile webpages, and other content. Prior to use, Kik Messenger requires users to register an account with a username and password.

The Defendant's cellphone and thumb drive were manufactured outside of the state of Texas (Korea and China respectively). Consequently, the computer media at issue which was used to receive and possess the child pornography traveled in foreign or interstate commerce. Further, the Defendant utilized the Internet which is a means and facility of interstate commerce to receive and possess the child pornography which was found on the above referenced device.

## Subsequent Investigation

Agents conducted follow up investigations from a review of videos located on the extraction report for the Defendant's cell phone. Agents located several video files depicting Snap Chat conversations between the Defendant and approximately 20 females, many of whom received counseling because of Defendant's actions. The Defendant took video images of the Snap Chat conversations. The Defendant proposes to buy nude images from the females after they send him sample images of themselves nude. The video files show, in numerous instances, the females complying with his request and sending him nude images of themselves. After he receives the nude images, the Defendant refuses to pay the females and instead demands that they send additional nude pictures at his direction. At times, he demands they call him daddy and he threatens to send the already received nude pics to the female's friends and family.

Agents found 19-year-old Victim #2's snap chat screen name on the Defendant's cell phone. She told interviewing agents she received a friend request from an unknown subject. According to extractions, she was contacted in February 2020, specifically February 21, 2020.

The Defendant then asked her to send him nude photos and offered to pay her $300-$500, the conversation being recorded on his phone. She sent several nude images. She asked for the money, but he refused. Instead, he told her to call her "daddy" or he would send the nude pics to her family, sending screen shots of her father's and sister's IG profile pictures. He demanded more nude photos. She refused, blocked him, and reported him to police, but he continued to send more friend requests using "savannaisaslut1" and "savannaisaslut2." On March 27, 2020, she received a text from a number that tells her that some guy just posted her nudes on 4chan as well as her address. Then, she received another text stating: "Told you this would never end. Just wait until you get into college, and all the sororities have your naked pics." "They'll think your so easy lmao." She blocked that number. She verified the images the officer had of her and provided 2 screen shots of text messages to the FBI as well as nude pics of her that were sent back to her from the Defendant via text message.

Victim #3, 20 years' old, was interviewed agents and she stated that on November 15, 2019, she received an snap chat request for 3 nude photos, with her face, for $100. Extractions show that she sent the images on or about October 16, 2019. She sent a nude photo of herself from the neck down. The Defendant rejected the photo and said she had to include her face to get the money. She complied and sent 3 photos but was never paid. As soon as the photos were sent, the Defendant blocked her on the site. The next day she received messages from her friends that someone posted 3 nude photographs of her and shared them with people at her school as well as found the photos posted to a twitter account in her name. She then began receiving messages from someone using the name "jolleenisaslut" and "jollenlikesdick." He threatened to send the photos to her mom unless she sent him more nude photos or paid him money. He wanted to meet her, but she refused. She told her mom and they reported it to the police, who told her to delete her account, but no report was filed. She deleted her initial account and obtained a new user name. The Defendant continued to find her and harass her on snapchat for 5 or 6 months until she stopped using snap chat.

Victim #4, 19 years' old, was interviewed by agents. Her snap chat name was found on the Defendant's phone. She stated at the end of April 2020, when she was 17 years old, a person on snap chat offered her $300 per nude or partially nude photograph. Extractions show she sent the images on May 10, 2020. She could not recall the name of the account. She sent him 2 partially nude images of herself and 2 fully nude images, putting "stickers" over her face. She was not paid but the Defendant demanded additional photos. She refused and he created fake snap chat and IG accounts posing as Victim #4 under the username "sluttykins." He would create new accounts each time an account was removed. He also sent her threatening messages saying he would ruin her life unless she sent more pictures. He threatened to send them to her parents. Victim #4 filed a police report and blocked her account.

Agents also interviewed Victim #5, whose snap chat name also appeared in the Defendant's phone. She advised that on January 19, 2020 (extractions confirm this date), she received a message on snap chat from an individual identified as Anthony Thomas (same name as Penn student received) asking her to send him nude pictures of herself in exchange for money. She sent 3 nude photos of herself without showing her face. She felt guilty and blocked Thomas (Bohac) on snap chat. Later, she received a new message from "averyisawhore" containing 3 nude

photos she sent along with a request for more photos. She blocked him again and he created a new account "averyisawhore1" and sent another message saying he would expose her if she blocked him again. He threatened to post the nude pictures on snapchat and a website called 4chan with her name, phone number and email address unless she sent him more nude photographs.

Victim #5 told her mother and they reported it to the police. On February 19, 2020, she got a new message on snap chat from "averynudes1" which had the original 3 nude photos she had sent and a request for more. She blocked him again. On March 27, 2020, she received a text which included the 3 nude photos telling her "I told you this isn't going to end. Send me a pic of your tits right now and I will leave you alone." Victim #5 said the experience left her scared, afraid to go to school and afraid for her safety.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

**Restitution**

21. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s) pursuant to Title 18, United States Code, Section 2259(b)(2). Defendant understands that the amount is to be no less than $3,000.00 per

victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

22. Defendant stipulates and agrees that the property listed in the superseding indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

a Samsung Galaxy Note8 cellphone with IMEI: 352077091567554.

23. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

24. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

25. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

26. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by

the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

27. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### Complete Agreement

28. This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

15

29. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on December 12, 2022.

_X_____
Defendant

Subscribed and sworn to before me on December 12, 2022.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
United States Attorney

By: _____
Richard W. Bennett
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9000

_____
Philip Gallagher, Esq.
Attorney for Defendant

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § v. § CRIMINAL NO. 4:21-CR-014 (S) § KODY NICHOLAS BOHAC, § **Defendant** § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending superseding indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory, and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____          _12/12/22_____
Philip Gallagher, Esq.                              Date
Attorney for Defendant

17

I have consulted with my attorney and fully understand all my rights with respect to the superseding indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____  
Kody Nicholas Bohac  
Defendant

_12/12/22_____  
Date

18